Peter D. Hatzipetros (PH-7387)
Petros Law Group, P.C.
14 W 23rd Street, FL 5
New York, NY 10010
Telephone: (347) 804-1206
Facsimile: (212) 206-8868
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEQUOIA MEDIA, a Wyoming Domestic Profit Corporation,<br><br>*Plaintiff*,<br><br>-V-<br><br>REDBIRD CONTENT CORPORATION, a New York Domestic Corporation,<br><br>AND<br><br>TIFF WINTON, an individual resident of the City and State of New York, County of New York<br><br>*Defendants*. | Civ. Case No.:   24-cv-342<br><br>COMPLAINT FOR BREACH OF CONTRACT, FRAUDULENT INDUCEMENT AND UNJUST ENRICHMENT<br><br>**JURY TRIAL DEMANDED** |

## CIVIL COMPLAINT

1. SEQUOIA MEDIA ("**Plaintiff**"), on behalf of itself, its shareholders and those similarly situated (hereinafter referred to as "**Plaintiff**"), by its attorneys, Petros Law Group PC, hereby complains as follows against Defendants;

## NATURE OF THE ACTION

2. Plaintiff and Defendants entered into a binding contractual agreement titled "Motion Picture and Television Production Agreement Between Redbird Content and Sequoia Media" (the "**Agreement**"), governing the creation, management, marketing, licensing, and sale and distribution of visual, digital, audio, written, and other forms of documentation rights pertaining to the production of an original documentary/cinematic production focusing on the

murder trial of Lori Vallow— the project was tentatively titled "Killer Prophets, the Lori Vallow Trial" (referred to hereinafter as the "**Project**"). Defendants agreed to gather all necessary media content required for production of the Project in exchange for Plaintiff's investment of One Hundred and Twenty Thousand Dollars (**$120,000.00 USD**).

3. To date, Plaintiff has invested, or caused to be invested, upwards of $165,000.00 towards the Project and in return, Defendants have knowingly and willfully failed to perform any of its contractual obligations as set forth in the Agreement. Plaintiff seeks restitution in an amount to be determined at trial, but not less than One Hundred and Sixty-Five Thousand Dollars (**$165,000.00 USD**) for damages arising directly from Defendants' (1) breach of contract; (2) fraudulent inducement; and (3) unjust enrichment.

## JURISDICTION AND VENUE

**Diversity Jurisdiction**

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2), since both named Defendants are citizens of the state of New York, the Plaintiff is a Wyoming Limited Liability Company— thus deeming each party a citizen of differing states— and the amount in controversy for the Plaintiff (**$165,000.00**) exceeds the U.S. $75,001.00 requirement for diversity jurisdiction.

**Personal Jurisdiction**

5. The Court has personal jurisdiction over defendant RedBird Content Corporation because it was incorporated in New York State and continues to do business in the County of New York. Furthermore, the individual defendant Tiff Winton is citizen of the United States residing in the City and State of New York.

**Venue**

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) (1) and (2) since a substantial part of the events or omissions giving rise to the instant action occurred in this federal judicial district of the state of New York, specifically, New York County, where Defendant Winton resides.

2

# PARTIES

**Sequoia Media**
(*Plaintiff*)

7. Plaintiff, Sequoia Media, is a Wyoming domestic profit corporation having an address designated at 1309 Coffeen Avenue, Suite 1200, Sheridan, Wyoming 82801 (referred to hereinafter as "**Sequoia**" or "**Plaintiff**").

**REDBIRD CONTENT CORPORATION**
(*Corporate Defendant*)

8. Defendant RedBird Content Corporation is a New York domestic profit corporation having a principal place of business located at 450 W 42nd Street, Apt. 37M, New York, NY 10036 (**Exhibit A**) and has a diversity of business operations, including, and most relevant to the instant action, the same service as the Plaintiff described above (referred to hereinafter as "**RedBird**" or "**Defendant RedBird**").

**TIFF WINTON**
(*Individual Defendant*)

9. Defendant Tiff Winton is an individual citizen of the state of New York, County of New York, maintaining a residence located at 450 W 42nd Street, Apt. 37M, New York, NY 10036 and is the sole owner and operator of defendant RedBird Content Corporation (referred to hereinafter as "**Winton**" or "**Defendant Winton**").

# RELEVANT FACTUAL ALLEGATIONS

10. On April 14, 2023, Defendants entered into a binding contractual agreement with Sequoia titled "Motion Picture and Television Production Agreement Between Redbird Content and Sequoia Media" (the "Agreement"), governing the creation, management, marketing, licensing, and selling of visual, digital, audio, written, and other forms of documentation pertaining to the production of an original documentary/cinematic production focusing on the murder trial of Lori Vallow- the project was tentatively titled "Killer Prophets, the Lori Vallow Trial" (referred to hereinafter as the "Project")

11.    As set forth in the Agreement and upon the execution thereof, Defendants assigned, granted, approved, set over, and exclusively shared with Sequoia, its successor and assigns, an equal right, title and interest to the Work. Furthermore, the Agreement unequivocally states that contemporaneous with the execution of the Agreement, Defendants simultaneously assigned over to Sequoia the copyright to all media and documents in possession of Defendants at the time of the signing and at any time thereafter.

12.    The Agreement also provided that Defendants were to receive a capital investment of One-Hundred and Twenty Thousand Dollars ($120,000.00 USD) to fund Defendants' work on this project. To date, Sequoia has contributed upwards of $165, 647.36 towards this Project and in return, Defendants have knowingly and willfully failed to perform any of its contractual obligations as set forth in the Agreement. Defendants received the full capital investment, per the terms of the Agreement, on or about May 24, 2023. However, despite receiving the funding they required, Defendants failed to perform any of the duties and activities it covenanted to under the Agreement.

13.    In June of 2023, Plaintiff made numerous attempts to follow up with Defendants to evaluate the status of the project, as Defendants failed to provide communication whatsoever.

14.    After Defendants continued refusal to provide Sequoia with any assurances or updates, Sequoia formally exercised its right to request copies of the following items from Defendant Winton:

    a.  back-up hard drives containing any and all content concerning the project for which Sequoia was funding;
    b.  valid receipts to match disbursements sent to Defendants in accordance with the Agreement;
    c.  "Hot sheets";
    d.  Crew-deal memos;
    e.  Lien releases from the crew; and
    f.  Relevant releases for persons and locations.

15.    Defendant Winton and RedBird have continued to evade Sequoia and its requests. These actions, in conjunction with Defendants' failures to perform under the Agreement, constitute a material breach of contract resulting in damages sustained by Sequoia in an amount

to be determined at trial, but no less than One-Hundred and Sixty-Five Thousand Dollars (**$165,000.00 USD**).

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Breach of Contract*

16. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

17. Plaintiff entered into contract with Defendants titled the "Motion Picture and Television Production Agreement between RedBird Content and Sequoia Media" (the "**Agreement**") (**Exhibit B**)

18. The terms of the Agreement outlined the rights and duties of the Parties—specifically, Plaintiff investing a sum of money to fund Defendants' work to gather, collect and produce copyright-free media content for the purpose of Plaintiff's intention to create, manage, market, license, sell and distribute the visual, digital, audio, written, and other documentational rights to the production of an original documentary/cinematic production focusing on the murder trial of Lori Vallow. The project would tentatively be titled "Killer Prophets, the Lori Vallow Trial" (referred to hereinafter as the "**Work**").

19. However, after executing the Agreement on April 14, 2023 and receiving funding from Plaintiff approximating $165,000.00, Defendants completely failed to perform their duties and obligations under the Agreement.

20. Plaintiff has made numerous attempts to contact Defendants so as to ascertain the status of the Work contracted for in the Agreement, and Defendants have intentionally and willfully evaded Plaintiff's requests for updates, accounting requests for the funding spent by Defendants, nor has any media content been provided.

21. As a result, Plaintiff has suffered damages proximately caused by Defendants' failure to perform under the Agreement.

22. Plaintiff has been damaged by Defendants' breach of contract for monies paid to Defendants— per the terms of the Agreement— that were deemed necessary for Defendants to perform the Work required but was not, together with pre-judgment interest, and any further relief this court deems just and proper.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Fraudulent Inducement*

23. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein

24. Plaintiff was directly misled by Defendants' express promise to perform the Work set forth in the Agreement.

25. At the time the Parties contracted for Work to be done, Defendants knew, or reasonably should have known, that Defendants were not capable, nor willing, to perform Work they promised in the Agreement— a fact which Plaintiff only learned well after Defendants induced Plaintiff to invest money based off of Defendants' fraudulent misrepresentation.

26. Defendants' assurances that RedBird and Winton were ready, willing and capable of performing the Work services under the Agreement was a material fact which a reasonable person would have considered important in making the decision to invest in Defendants' media services.

27. Plaintiff detrimentally relied on Defendants' misrepresentations when deciding to enter the Agreement with Defendant. But for Plaintiff's reliance on the Defendants' knowing misrepresentations, Plaintiff would not have suffered damages as set forth herein.

28. As a direct and proximate result of Plaintiff's detrimental reliance on Defendants' fraudulent misrepresentations that Defendants were ready, willing and capable of performing the media Work set forth in the Agreement, Plaintiff suffered damages for monies invested with Defendants.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Unjust Enrichment*

29. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30. To the detriment of the Plaintiff, Defendants have been, and continue to be, unjustly enriched as a result of the unlawful and/or wrongful conduct alleged herein. More specifically, Defendants have unjustly benefitted from accepting an infusion of investment capital for services which Defendants knew, or reasonably should have known, it could not— and ultimately— did not, provide.

31.     Accordingly, Plaintiff seeks full restitution of the sums which Defendants wrongfully collected and subsequently spent for reasons outside the scope of the agreed upon terms and conditions set forth in the Agreement— the very acceptance of which led to Defendants' unjust enrichment, together either pre-judgment interest, or the value of the benefit by which Defendants was unjustly enriched based on the wrongful conduct herein alleged.

## DEMAND FOR TRIAL BY JURY

32.     Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks for the following relief:

A.      That the Court award the Plaintiff all appropriate relief, including monetary relief for damages caused by Defendants, whether by way of restitution of damages, together with pre-judgment interest at the highest rate permissible by law, in addition to recovery of its attorneys' fees, costs, and expenses, in an amount to be determined at trial but no less than One Hundred and Sixty-Five Thousand Dollars (**$165,000.00 USD**);

B.      That the Court grant Plaintiff additional orders or judgments as may be necessary to redress or prevent the unlawful practices complained of herein; and

C.      That the Court award Plaintiff, favorable relief as may be available and appropriate under federal or state law, or at equity.

Dated:  New York, NY
        January 17, 2024

Respectfully,

_____
Peter D. Hatzipetros (PH-7387)
Petros Law Group, P.C.
14 W 23rd Street, FL 5
New York, NY 10010
Telephone: (347) 804-1206
Facsimile: (212) 206-8868
*Attorneys for the Plaintiff*

7